James *vs.* Tait et al.

JAMES *vs.* TAIT et al.

1. A promise, under seal, to make a title in fee simple at some future time, to land, provided, the passage of an act of Congress can be obtained to authorise such a conveyance; is properly rejected when offered as evidence, to establish title in a defendant in trespass.

2. Trespass *quare clausum fregit,* will lie to recover possession of lands; and a writ of possession is properly awarded to the successful plaintiff.

3. The conduct of a cause in court, is entrusted to the discretion of the presiding judge, and he may, when necessary, permit a party to introduce evidence, after the testimony is closed.

4. When a *feme sole* plaintiff marries pending a suit—the husband may make himself a party by motion; and where a suggestion is made that such a plaintiff has married, and a *scire facias* issues, calling upon the husband to shew cause why he shall not be made a party—it is equivalent to a motion.

5. After judgment, advantage cannot be taken of an entry on the record, that proceedings were stayed by injunction; and where the parties go to trial afterwards without objection—it will be presumed that the injunction was dissolved.

6. Objections to a declaration cannot be received after a plea of not guilty.

7. Nor can an objection to the endorsement on the writ, be entertained, after the plea of not guilty.

8. In trespass to try title, the plaintiff need only endorse on his writ, "that the action is brought as well to try titles, as to recover damages"—any unnecessary description of the premises, or of the injury committed, is regarded as surplusage.

9. Where the verdict responds to the issue, and judgment is rendered for the land described in the declaration—it is sufficient; and the use of the word "*tenement,*" in addition to the description of the lands, does not vitiate the judgment.

James *vs.* Tait et al.

Error to Clarke Circuit court.

Trespass *quare clausum,* tried by *Pickens,* J.

This was an action of trespass, to try title to a tract of land, brought by the defendant, against the plaintiffs in error.

The writ was in trespass, and the cause of action was thus endorsed: " This action is brought to recover damages of the defendant, for unlawfully, and with force and arms, breaking and entering a certain close of the plaintiffs, to wit, the west fraction of section thirty-six, of township five, range three, east, in the district of St. Stephens, lying in the county of Clarke, aforesaid, and cutting down the timber, &c. ; and is brought to try titles, as well as to recover damages."

The declaration contained three counts. In the first count, the *locus in quo* was described as " four closes of the plaintiffs, lying and being in the county of Clarke."

In the second count, it is described as " the close of the said plaintiffs, to wit, the east and west fractions of section thirty-six, of township five, range three, east, in the district of lands offered for sale at St. Stephens, and situate in the county of Clarke." The trespass is alleged to have been committed on the first of March, one thousand eight hundred, and on divers other days and times between that day, and before the commencement of this suit.

The third count described the premises as the " fraction of section thirty, township five, range three, east."

To this declaration, the defendant below pleaded not guilty. The cause was continued until the Spring term, eighteen hundred and thirty-seven, when this entry ap-

peared : " enjoined and continued ;" and at the succeed-
ing term, "continued, and the intermarriage of Martha
Weatherford with Peyton Downey suggested, a *scieri fa-
cias* to issue." A *scieri facias* accordingly issued to said
Downey, to appear and show cause why he should not
be made a party plaintiff to the suit, which was returned,
executed.

A trial was afterwards had, when the jury rendered
a verdict for the plaintiffs, by which they found the defen-
dant guilty of the trespasses in the declaration mention-
ed, and assessed their damage to nine hundred and five
dollars—upon which the court rendered judgment in favor
of the plaintiffs for the damages, and also for the " tene-
ments in the declaration mentioned, to wit, the east and
west fractions of section thirty-six, township five, range
three, with the appurtenances."

During the trial, a bill of exceptions was taken, from
which it appeared that the defendant below proved and
offered in evidence, an instrument in writing or bond
for title of the lands in controversy, executed by one
Alger Nuoman, and proved that the plaintiffs knew of
the execution of said bond, and of the possession taken
under it, before the execution of the deed of the plaintiffs
below from said Alger and wife. The plaintiffs below
claimed as heirs of Mary Dyer, and from said Newman
and wife ; and said Newman claimed through his wife,
as another heir of Mary Dyer. The court refused to
permit the bond to go to the jury as *evidence of title*, but
permitted it to be read, to ascertain the damages.

The court also permitted the plaintiffs below, after the
defendant had closed, to re-examine a witness as to new

James *vs.* Tait et al.

matter, which had not arisen in the examination of either party, and not appertaining to any point which had arisen on the examination in chief; the plaintiffs' attorney stating, that he had inadvertently omitted to. prove the facts, on the examination in chief. The court permitted the prooff to be made, reserving to the defendants the right to reply to the examination. These matters were all excepted to by the defendant below.

The instrument or. bond, relied on by the defendant below, was in these words:

"Know all men, by these presents, that I, Alyer Newman, of the county of Monroe, and State of Alabama, am held and firmly bound, unto Robert D. James, of the county of Clarke, and State aforesaid, in the just and full sum of sixteen hundred dollars, for the faithful payment of which, well and truly to be made, I hereby bind myself, my heirs and assigns, executors and administrators, firmly, by these presents, signed with my hand, and sealed, this 18th July, 1832.

"The condition of the above obligation is such, that whereas the said Robert D. James, has advanced to and paid for, and on account of said Alger Newman, the sum of four hundred dollars, at and before the sealing and delivery of these presents, the receipt and payment of which, as aforesaid, is hereby acknowledged; and whereas the said Alger Newman, in right of his wife, Elizabeth, and under and by virtue of the treaty with the Creek tribe of Indians, and designated as the treaty of Fort Jackson, his said wife being one of the heirs of Mary Dyer, has become possessed of the legal claim to the undivided third part of a certain tract or parcel of

land, situate, lying and being in the counties of Clarke
and Monroe, and State of Alabama, and being the frac-
tional section number thirty-six, in township five, range
three, east, containing three hundred and twenty-four
95-000 acres, on the west side of the Alabama river; and
one hundred and twenty-four 66-100 acres, on the east
side of the said river; and whereas the said Alger New-
man, for and in consideration of the payment aforesaid,
and a further payment to be made, as hereinafter men-
tioned, is desirous to transfer in fee simple, his said claim
to the said lands above described, but is now debarred
from conveying the same, by the treaty aforesaid;—he
therefore hereby agrees, that he will use his best exer-
tions to obtain, under a law of Congress, as soon as pos-
sible, the right to dispose of and sell the said tract of
land; and should he obtain said right, he will forthwith
convey the same in fee simple, to the said Robert D.
James, his heirs or assigns. And the said Alger Newman
further agrees, that in the event he shall not be able to
obtain said right to dispose of the same, then he will, on
the first day of March, eighteen hundred and thirty-three,
or previously thereto, secure by mortgage, one good, sound
and healthy negro woman and child, of value equal to
the penalty of this bond, to the said Robert D. James, for
the sum of money which he shall have already advanced
to and on account of the said Alger Newman, and also
for the further sum of four hunered dollars, which the
said Robert D. James agrees to pay to the said Alger
Newman; on the completion of the said mortgage; and
the said Robert D. James agrees for himself, his heirs,
&c. that in the event the said title shall not be comple-

James *vs.* Tait ct al.

ted, in manner and form aforesaid to him, by the said Alger Newman, then, if the heirs and descendants of the said Newman, or his or their assigns, shall well and truly convey to him their representative shares, titles and claims to said land, on arriving at the age required by said treaty, to entitle them to convey the same, he, his heirs, &c., will relinquish to each of them, respectively, a corresponding proportional share or claim, of and to said mortgaged property. Now, therefore, if the said Alger Newman shall well and truly observe, keep and perform the conditions and obligations, herein agreed to be by him kept and observed, then this obligation to be void; otherwise, to be and remain in full force and virtue."

From the judgment of the court below, the defendant below prosecuted a writ of error to this court; and now assigned for error—

1. The court below erred in allowing new evidence to be introduced by the plaintiff, after his evidence had closed;

2. In rejecting the deed set forth in the bill of exceptions;

3. In rendering judgment for tenements not sued for, as shewn by the endorsement on the writ;

4. In awarding a writ of possession, in an action of trespass merely;

5. The writ, endorsement, declaration and verdict, are variant, inconsistent and insufficient;

6. The judgment is uncertain, and does not sufficiently describe the property recovered, and is for *tenements*, and therefore not authorised by the statute, which allows a writ of possession for lands only;

7. In proceeding before the injunction was dissolved ;

8. In rendering judgment in favor of Peyton Downey, when he was not made a party ;

9. The verdict is erroneous, because, for all the lands in the declaration—part not being described, part not sued for—and not specifying to be for the lands which are described, and because the lands are not sufficiently described or identified, which are recovered by the verdict ;

10. The judgment being for premises described in the third count only, and the entry being therein laid more than twenty yea s ago, the right of entry of plaintiffs was tolled, and judgment could not be thereon given.

*Stewart,* for plaintiff in error.
*Porter,* contra.

ORMOND, J.—It appears from the bill of exceptions, that the bond from Newman to the plaintiff in error, was offered in evidence, as establishing a title to the land in controversy, in the plaintiff in error. It appears to be a promise on the part of Newman, to make a title in fee simple to the land, or some portion of it, to the plaintiff in error, at some future time, provided he could obtain the passage of an act of Congress, authorising him so to do ; and that failing to obtain such act, he would indemnify him for his advance of money, by a mortgage on a negro woman.

It is not necessary to enquire, whether a Court of Chancery could have, under any circumstances, enforced

James *vs.* Tait et al.

a specific performance of this agreement; it was clearly unavailing, for the purpose for which it was offered in evidence, and was, therefore, properly rejected.— Whether it could have had the effect to show that the possession of the plaintiff in error was adverse to the defendants, it is not necessary now to discuss, as it does not appear to have been offered for that purpose in the court below.

The objection to the form of the action cannot prevail. In the case of Thrash vs. Johnson, (6 Porter's Rep. 458,) the same objection was made as in this case, and overruled by the court. In that case, as in this, the action was trespass *quare clausum fregit.*

It cannot be assigned as error, that the court permitted evidence to be introduced by the defendant in error, after the close of the plaintiffs' testimony. The conduct of the cause, in the court below, is entrusted to the discretion of the presiding judge. We cannot presume that he has exercised that discretion improperly; nor is it a matter that we can revise; but so far as we can judge of the decision, from the account in the bill of exceptions, it appears to have been entirely correct.

The assignment, that Peyton Downey was not made a party, is not sustained by the record. The statute provides, that when a *feme sole* plaintiff marries pending the suit, the husband may make himself a party to the suit, by motion. It appears from the record, that a suggestion was made, that said Downey had intermarried with Martha Weatherford, one of the plaintiffs, whereupon a *scire facias* issued to him, to show cause why he should not be made a party to the suit. This was an

James *vs.* Tait et al.

unnecessary proceeding, but must be considered as equi-valent to a motion, especially as he is named as one of the plaintiffs, in all the subsequent proceedings of the cause.

No advantage can now be taken of the entry on the record, that the proceedings were at one time stayed by injunction ; as the parties went to trial afterwards, with-out objection, we must presume that the injunction was dissolved.

All the remaining objections, except those relating to the verdict and judgment, are answered by the decision of this court, in the case of Sturdevant vs. Murrell's heirs, in which this court, under the influence of a statute of this State, held, that no objection can be taken to the declaration, after the plea of not guilty filed.

The court say, " our conclusionis, that, in the action of trespass to try title, the declaration should describe the land in controversy, with so much particularity and pre-cision, as will inform the defendant what he is to defend against, and the court, for what it is called on to render judgment. But, in the present case, the plaintiff in error cannot avail himself of an objection to the declaration ; he is foreclosed, by having pleaded *not guilty* in the Cir-cuit court. The statute is express to the point"—(Aik. Dig. sec. 46, p. 266.)

If no objection can be taken, after the plea of not guil-ty to the declaration, it necessarily follows, that none can be made to the endorsement on the writ. The statute does not require the plaintiff to do more than to endorse on the writ, " that the action is brought as well to try titles, as to recover damages ;" the rest may, therefore, be

James *vs.* Tait et al.

rejected as surplusage, especially after the plea of not guilty, to the declaration, is filed.

The objection to the verdict and judgment .cannot be sustained.   The verdict of the jury, is responsive to the issue, and the judgment of the court is for the land described in the third count of the declaration.   It is insisted, also, that the word "*tenement*," employed by the court in rendering judgment, is not sufficient to entitle the defendants in error to recover *lands*.   Without conceding that the objection is good, it is sufficient, that, in this case, a judgment is rendered for the lands claimed in the declaration, by the appropriate description, according to the United States' survey ; and this certain and accurate description cannot be vitiated by the use of the word *tenement*, in addition, even if it were of doubtful import, standing alone.

There is no error in the judgment of the court below, and it is hereby affirmed.